IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:15-CR-068 |
| Plaintiff | : | JUDGE WALTER H. RICE |
| v. | : | |
| TERRENCE D. VICTORIA | : | <u>SENTENCING MEMORANDUM OF THE UNITED STATES</u> |
| Defendant | : | |

_____

## I. BACKGROUND

On May 28, 2015, defendant Terrence D. Victoria ("Victoria") was charged in a single-count Indictment with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 29, 2015, pursuant to plea negotiations, Victoria pled guilty to the possession count.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is a term of imprisonment of 10 years.

### B. Sentencing Guidelines Calculation

The United States Probation Office correctly calculated the defendant's advisory guideline range as follows:

U.S.S.G. § 2K2.1         Base Offense Level                              24

| | | |
|---|---|---|
| U.S.S.G. § 2K2.1(b)(4)(A) | Involved stolen firearm | + 2 |
| | **Adjusted Offense Level** | 26 |
| | Acceptance of Responsibility/ Timely Notice | - 3 |
| | **Total Offense Level** | 23 |

An Offense Level of 23 combined with a criminal history VI results in an advisory guideline range of 92 to 115 months. The Presentence Investigation Report ("PSR") has recommended a sentence of 108 months.

  **C.** **Response to Defendant's Objections to PSR**

  Following the issuance of the initial PSR, Victoria lodged an objection to the two-level increase for possession of a stolen firearm. The Government intends to present evidence in support of this enhancement at the upcoming sentencing hearing.

**III.** **SENTENCING FACTORS**

  The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. This court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include:

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

      (D)    the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentences and the sentencing range established for the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines;

(5)    any pertinent policy statements;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### A. Nature and Circumstance of Offense and History and Characteristics of Defendant

During his plea colloquy, Victoria admitted to the following statement of facts:

On March 20, 2015 in the Southern District of Ohio, Defendant Terrence D. Victoria did knowingly possess, in and affecting interstate commerce, a firearm, to wit: a loaded Smith & Wesson model SD9VE 9mm Lugar semi-automatic pistol. For the information of the court, the firearm and ammunition were manufactured outside the state of Ohio.

The loaded Smith & Wesson model SD9VE 9mm Lugar semi-automatic pistol was recovered from Defendant's person while he was seated in a car in the parking lot of the Horseshoe Sports Bar, located at 3520 E. National Road in Springfield, Clark County, Ohio. The recovery of this firearm occurred following an interaction with the Clark County Sheriff's Office during which Defendant was incapacitated by a gunshot wound.

Defendant is a convicted felon. Prior to this date and on or about January 26, 2006, Defendant was convicted of Robbery in Clark County, Ohio Common Pleas Court Case No. 05-CR-1025. This conviction is a felony punishable by a term of imprisonment exceeding one year.

More precisely, Clark County Sheriff's deputies responded to the Horseshoe Sports Bar on

reports of an individual who appeared in the bar with a weapon.  That individual exited the bar

prior to Sheriff's deputies arrival.   Sheriff's deputies observed individuals in a vehicle in the parking lot of that bar.   Based on the initial report, Sheriff's deputies approached with their firearms drawn and gave orders for the occupants to show their hands.   Deputy Chris Doolin ("Doolin") approached the driver's side of the vehicle and observed the occupant in the driver's seat, later identified as Terrence Victoria.   Doolin observed the following:   Victoria looked at Doolin, Victoria then pointed a handgun directly at Doolin over Victoria's shoulder, and then Victoria closed one eye while aiming the handgun at Doolin's face.   Doolin retreated and yelled "Gun!" to the other responding deputy.   Based on his belief that his life was in immediate and imminent danger from Victoria, Doolin fired two shots from his service gun at Victoria.   Victoria was incapacitated as a result.

Furthermore, Victoria has an extensive criminal history.   The instant offense occurred while Victoria was released on bond in Clark County Common Pleas Court Case No. 14-CR-0551.   Victoria has since been convicted in that case of both Trafficking in Heroin and Possession of Heroin, for which he is currently serving a 3 ½ year prison sentence.

  **B.** **Seriousness of Offense, Respect for the Law, Just Punishment and Adequate Deterrence**

The nature of this particular offense of Possession by a Prohibited Person is extremely serious.   Not only did Victoria possess a firearm as a prohibited person, he did so while he was out on bond in a Trafficking in Drugs and Drug Possession case.   Furthermore, law enforcement responded to the Horseshoe Sports Bar on reports of a weapon in a liquor establishment, which is a felony crime in violation of Ohio Revised Code § 2923.121.   However, most alarming is that Victoria pointed that firearm at the law enforcement officers who responded.   Doolin believed it necessary to defend himself with deadly force.   Victoria's behavior that day demonstrated a profound disregard for the law; both by the possession of the firearm under these circumstances but also by the deadly threat he posed to responding law enforcement.

4

Given his lengthy criminal history and the serious nature of his past convictions, previous punishments imposed on Victoria do not appear to have deterred him from engaging in criminal behavior.   In fact, a review of his criminal history tends to show that his crimes have escalated in severity.   In light of his background and the circumstances of this offense, a sentence of 108 months is just punishment for this conviction.

Moreover, a consecutive sentence is appropriate under the circumstances.   Victoria is currently serving a 3 ½ year prison sentence on unrelated charges from Clark County, Ohio Common Pleas Court Case No. 14-CR-0551, which is the case for which Victoria was released on bond when he committed the instant offense.   A concurrent sentence would not provide adequate punishment or serve as a sufficient deterrent for future behavior.

//

//

//

//

//

//

//

//

//

//

//

//

//

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court follow the recommendations of the U.S. Probation Department and impose a sentence of no less than 108 months. The government further requests that this Court follow the recommendations of the U.S. Probation Department and order this sentence to run consecutive to the sentence that Victoria is currently serving in Clark County Ohio Common Pleas Court Case No. 14-CR-0551.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Amy M. Smith
AMY M. SMITH (0081712 OH)
Special Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
asmith@clarkcountyohio.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 28th day of October 2015, electronically on: F. Arthur Mullins, Attorney for Defendant.

s/Amy M. Smith
AMY M. SMITH (0081712)
Special Assistant United States Attorney
