IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:15-CR-68 |
| Plaintiff, | : | Judge Walter H. Rice |
| vs. | : | |
| TERRENCE VICTORIA, | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

On March 20, 2015, Terrence Victoria was at the Horseshoe Sports Bar in Springfield, Ohio but left the bar to go rest in a friend's vehicle parked in the bar's parking lot. Victoria had reclined the seat, and that is the last thing he remembers until regaining consciousness in the hospital. Terrence Victoria admits that he possessed a firearm that night but he objects to the factual description contained in the Presentence Investigation Report ("PSR") which state that Mr. Victoria "brandished a gun and pointed it at the deputy," or that he pointed the firearm at any other person, as well as the additional facts contained in the Government's Sentencing Memorandum regarding this allegation. (PSR ¶¶13-14, 106; Justification section). Victoria asks the Court not to consider these allegations in fashioning a sentence as Mr. Victoria was not charged with this conduct and has not admitted to the allegations in the statement of facts contained in his plea agreement.

Victoria was shot twice by a Clark County Deputy and was critically injured. One bullet hit Mr. Victoria in the right side of his neck, and the other hit Victoria in the left cheek area. Mr. Victoria suffered several serious injuries from these two gunshot wounds. In fact, Victoria suffered respiratory failure, was found to have no pulse and "coded" after being intubated upon his arrival

at the hospital. Victoria was successfully revived with cardiopulmonary resuscitation (CPR) chest compressions. (PSR ¶72). In addition, Victoria suffered a cervical spine fracture, a mandible fracture, and injuries to the vertebral artery, his thyroid gland, and carotid artery and facial nerve. Victoria was hospitalized for 25 days and underwent several surgeries to address the above mentioned injuries. Ultimately he was released from the hospital with his jaw wired shut with physical therapy and aftercare to follow. Victoria had the hardware successfully removed from his face on May 20, 2015. Mr. Victoria reports still being in significant pain and also still suffers from weakness and a loss in mobility on his left side due to these injuries. And while Mr. Victoria's condition has slowly improved, his ultimate prognosis cannot be determined without further assessments by his medical team. He was scheduled to be re-assessed by Garietta Falls, MD, in September, but that assessment was not accomplished due to Mr. Victoria's incarceration. (All medical records available for review).

Mr. Victoria understands that had he not possessed a firearm on March 20, 2015 he would not have been shot, and thus his near fatal injuries are necessarily a consequence of this offense. Mr. Victoria simply asks this Court that it consider this serious consequence when fashioning a sentence sufficient but not greater than necessary to achieve the sentencing goals. Mr. Victoria has been seriously punished by the pain and suffering he has endured from these gunshot wounds. Not only does Victoria continue to be in serious pain today, but the uncertain future of his physical condition and doubts about whether he will ever fully recover is a significant consequence he has suffered because of this offense.

Mr. Victoria acknowledges his serious criminal history and does not attempt to minimize his prior criminal convictions. Unfortunately, Mr. Victoria started running in the streets at an early age. Mr. Victoria had a chaotic upbringing and moved frequently between Ohio and California,

attending a number of different schools. Victoria left his mother's home at the age of 14, and began getting into serious trouble with the law at that time. Mr. Victoria was diagnosed with ADHD as a child and had a difficult time in school (PSR ¶¶ 66, 73). But although he failed to advance beyond the 9th grade, Victoria has been successful in obtaining his GED as an adult, demonstrating his ability to succeed academically. (PSR ¶77).

It is Victoria's hope that this brush with death will be the ultimate wake-up call and that he will be able to break the cycle of bad choices and prison that has dominated too much of his short life to date. Mr. Victoria understands that he is lucky to be alive and does not believe that God kept him alive only to have him spend his life in prison. Mr. Victoria is the father of four young children, and more than anything he has expressed his desire to continue being a father to his children: he is motivated to see his children grow up and to be as much a part of their lives as he can be.

Although not a justification for possessing the firearm, Mr. Victoria was stabbed multiple times by his adopted brother and nearly died in August of 2010. Since that attack he has feared for his life and has suffered from PTSD. The fear of being physically attacked contributed significantly to Victoria possessing the firearm in this case.

Delivered under separate cover are letters from Mr. Victoria, Robert Rife (Victoria's former employer), and Eva Arnold.

**CONCLUSION**

Mr. Victoria asks this Court to consider fashion a sentence "sufficient, but not greater than necessary" that takes into consideration all of the enumerated sentencing factors outlined in 18 U.S.C. § 3553(a), and specifically asks this Court to consider a sentence below the suggested guideline range, as the serious injuries suffered by Mr. Victoria diminish the need for the lengthy sentence suggested by the guidelines.

Respectfully submitted,

s/F. Arthur Mullins
F. Arthur Mullins (0080483)
Assistant Federal Public Defender
One Dayton Centre, Suite 490
1 South Main Street
Dayton, Ohio 45402
(937) 225-7687
Art_Mullins@fd.org

Attorney for Defendant
Terrence Victoria

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was served upon Special Assistant United States Attorney Amy Smith, and Assistant United States Attorney Sheila Lafferty by electronic filing, this 28th day of October, 2015.

                                                     s/F. Arthur Mullins  
                                                     F. Arthur Mullins