**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:15-cr-068

                                          District Judge Walter H. Rice
- vs -                                  Magistrate Judge Michael R. Merz

TERRENCE D. VICTORIA,

                Defendant.    :

**REPORT AND RECOMMENDATIONS ON INITIAL REVIEW**

This is an action on a Motion to Vacate under 28 U.S.C. § 2255, brought *pro se* by Defendant Terrence Victoria. As with all habeas corpus actions filed at the Dayton location of court, it has been referred to the undersigned pursuant to the Dayton General Order of Assignment and Reference (Day 13-01).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

> response within a fixed time, or take other action the judge may order.

**Litigation History**

Victoria was re-sentenced after remand on December 19, 2017 (ECF No. 41). On December 26, 2018, the Court of Appeals for the Sixth Circuit received a request from Victoria to "reappeal my appeal." (ECF No. 43, PageID 222.) On January 2, 2019, the Court of Appeals forwarded that request to this Court with instructions to docket it as a notice of appeal. *Id.* at PageID 224. The Clerk did so and the Court of Appeals opened Case No. 19-3028 for the appeal (ECF No. 44). However, on February 11, 2019, the Sixth Circuit dismissed that appeal on Victoria's motion "pursuant to Rule 42(b), Federal Rules of Appellate Procedure." (ECF No. 45, PageID 232). Victoria avers he placed his Motion in the prison mailing system on February 14, 2019 (ECF No. 46, PageID 244). That date is deemed the date of filing for statute of limitations purposes. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

**Statute of Limitations**

Victoria claims his Motion to Vacate is timely "because he was resentenced by the District Court of Dayton Ohio on Nov. 17, 2018. Therefore he is entitled to a 1-year limitation under 28 U.S.C. § 2255(f)(1)." (ECF No. 46, PageID 243).

The Magistrate Judge agrees that the correct statute to apply is § 2255(f)(1) which provides a one-year statute of limitations from the date on which a conviction becomes final. In this case

2

the relevant judgment – the judgment of resentencing on remand – was filed December 19, 2017, not November 17, 2018, as Defendant claims (ECF No. 41). That judgment became final when Victoria failed to appeal within the time allowed by Fed. R. App. P. 4(b)(1)(A)(i) which is fourteen days or January 2, 2018. Victoria did not file his Motion to Vacate until February 14, 2019, more than thirteen months later.

Although finality of the resentencing judgment would have been tolled pending appeal if Victoria had filed a timely appeal. However, his very late filing of a notice of appeal does not reopen the statute of limitations.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

**Conclusion**

Because the Motion to Vacate is barred by the statute of limitations, it should be dis missed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 20, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).